IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEVELOPERS SURETY AND INDEMNITY COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § § | CASE NO. 5:17-cv-00963 |
| BLACKHAWK VENTURES, LLC, MAPCO, INC., PADRON ENTERPRISES, INC., WPS GROUP, LLC D/B/A FEDERAL MANAGEMENT SOLUTIONS, RUBEN VILLARREAL, MICHAEL A. PADRON, AND MANUELITA MANRIQUE VILLARREAL, | § § § § § § § § | |
| Defendants. | § § | |

### Complaint

Plaintiff, Developers Surety and Indemnity Company, complains of Defendants, Blackhawk Ventures, LLC, MAPCO, Inc., Padron Enterprises, Inc., WPS Group, LLC d/b/a Federal Management Solutions, Ruben Villarreal, Michael A. Padron, and Manuelita Manrique Villarreal, and respectfully states:

### Parties, Jurisdiction and Venue

1. Plaintiff, Developers Surety and Indemnity Company ("Developers"), is a corporation organized and existing under the laws of the State of California with its principal place of business located in Irvine, California. Developers is authorized to do and is doing business in the State of Texas.

2. Defendant, Blackhawk Ventures, LLC ("Principal"), is a Texas limited liability company with its principal place of business located at 427 W. Cevallos St., Ste. B, San Antonio,

Texas 78204.  Upon information and belief, Principal has two members, Ruben Villarreal and Joe Alex Muniz, both of whom are individual residents and citizens of the State of Texas.  Principal may be served with process by serving its President and managing member, Ruben Villarreal, at Principal's place of business located at 427 W. Cevallos St., Ste. B, San Antonio, Texas 78204 OR his residence located at 530 County Road 161, Floresville, Texas 78114.

3.      Defendant, MAPCO, Inc., is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 427 W. Cevallos St., San Antonio, Texas 78204.  MAPCO, Inc. may be served with process by serving its registered agent for service of process, Samantha Garcia, or its President, Michael A. Padron, at 427 W. Cevallos St., San Antonio, Texas 78204.

4.      Defendant, Padron Enterprises, Inc., is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 427 W. Cevallos St., San Antonio, Texas 78204.  Padron Enterprises, Inc. may be served with process by serving its registered agent for service of process and its President, Michael A. Padron, at 427 W. Cevallos St., San Antonio, Texas 78204.

5.      Defendant, WPS Group, LLC d/b/a Federal Management Solutions, is a Texas limited liability company with its principal place of business located at 427 W. Cevallos St., Ste. B, San Antonio, Texas 78204.  Upon information and belief, Principal has two members, Michael A. Padron and Brian Taylor, both of whom are individual residents and citizens of the State of Texas.  Principal may be served with process by serving its member, Michael A. Padron, at 427 W. Cevallos St., Ste. B, San Antonio, Texas 78204.

6.      Defendant, Ruben Villarreal, is an individual citizen and resident of the State of Texas and may be served with process at his residence located at 530 County Road 161, Floresville,

Texas 78114.

7.      Defendant, Michael A. Padron, is an individual citizen and resident of the State of Texas and may be served with process at his place of business located at 427 W. Cevallos St., Ste. B, San Antonio, Texas 78204.

8.      Defendant, Manuelita Manrique Villarreal, is an individual citizen and resident of the State of Texas and may be served with process at her residence located at 530 County Road 161, Floresville, Texas 78114.

9.      Defendants, MAPCO, Inc., Padron Enterprises, Inc., WPS Group, LLC d/b/a Federal Management Solutions, Ruben Villarreal, Michael A. Padron, and Manuelita Manrique Villarreal are collectively referred to hereafter as the "Indemnitors."

10.     Diversity of citizenship exists between Developers and all Defendants, and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. Jurisdiction is thus proper pursuant to 28 U.S.C. §1332(a)(1).

11.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1).

### *Factual Background*

12.     On or about October 9, 2013, Principal and Indemnitors executed and entered into a written Indemnity Agreement in favor of Developers (the "Indemnity Agreement"). Principal and Indemnitors executed the Indemnity Agreement to induce Developers to issue surety bonds on behalf of Principal so that Principal could qualify to bid on and be awarded contracts on commercial construction projects.

13.     Under ¶2 – INDEMNIFICATION of the Indemnity Agreement, Principal and Indemnitors agreed, among other things, to fully and continuously indemnify Developers against any and all Loss or expenses of every kind or nature, including, without limitation, those incurred: (i) by

reason of having executed or procured the execution of any bond, (ii) by reason of the failure of any indemnitor to perform or comply with the covenants and conditions of this Agreement, and (iii) enforcing any of the covenants and conditions of this Agreement.  Principal and Indemnitors also agreed to indemnify Developers against the fees and disbursements of counsel whether on salary, retainer or otherwise.  Pursuant to the Indemnity Agreement, any Loss paid by Surety bear interest at the rate of 12% per annum from and after the date of payment.

14.     Under ¶3 – COLLATERAL RESERVE of the Indemnity Agreement, Principal and Indemnitors also agreed to deposit, immediately upon demand of Developers, collateral in the form of cash or other property acceptable to Developers in an amount equal to the collateral reserve demanded by Developers.  Upon receipt of this collateral reserve deposit, Developers would have the right to use part or all of said collateral reserve to pay or otherwise settle any Loss for which Principal and Indmenitors are obligated to indemnify Developers under the Indemnity Agreement.

15.     Under ¶9 – RIGHT TO INFORMATION of the Indemnity Agreement, Principal and Indemnitors further agreed as follows:

> Indemnitors agree to furnish Surety such information as it may request from time to time concerning the financial conditions of Indemnitors, the status of work under any contract or other obligations covered by a Bond, the condition of the performance of any such contract or other obligation and the payment of obligations incurred in connection with it.  The Surety may at reasonable times and places and from time to time, examine and copy the books, records and accounts of any Indemnitor.  The Surety may obtain information concerning the affairs and operations of any Indemnitor and any transaction between or among the Indemnitors from any banks, depositories, obligees of the Bonds, materialmen, supply houses, credit reporting agencies or other persons, each of whom are hereby expressly authorized by Indemnitor to furnish such information to the Surety.

16.     In reliance on the Indemnity Agreement and at the request of Principal and Indemnitors, Developers, as surety, along with Principal, as principal, executed and issued to the United States of America ("Obligee"), as obligee, a Performance Bond ("Performance Bond") and a Payment Bond ("Payment Bond"), each in the penal sum of $602,519 and numbered 712204P

(collectively, the "Bonds"), in accordance with the provisions of the federal Miller Act.  The Bonds were executed and issued to secure the performance of Principal under a federal government improvement Contract No. N44255-12-D-7009-0055 ("Contract") between Obligee, as owner, and Principal, as general contractor, in connection with a project known as "Paint Pumpwells PSNS at Puget Sound Naval Shipyard and Intermediate Maintenance Facility, Bremerton, WA" ("Project").

17.     Subsequent to the execution of the Bonds, Developers received a claim from TSAY TECH Construction ("Claimant"), a subcontractor of Principal, for unpaid labor performed and material provided to Principal on the Project in the principal sum of $334,545.29.  Principal failed to discharge said claim and exonerate Developers from any Loss resulting from same.  As a result, Developers incurred and paid a Loss to Claimant in an amount of at least $334,545.29 in order to discharge its obligations to Claimant under the Payment Bond for said unpaid labor performed and materials provided by Claimant to Principal on the Project.  Prior to filing this Complaint, Developers presented a written demand to Principal and Indemnitors for indemnity from the Loss paid to Claimant under the Payment Bond.  To date, Principal and Indemnitors have failed and refused to pay Developers for any of this amount owed under the Indemnity Agreement.

18.     In addition, Developers has also set a reserve for anticipated expense in the amount of $10,000.00 as a result of the claim by and the Loss paid to Claimant and in enforcing the obligations of Principal and Indemnitors under the Indemnity Agreement.  In accordance with the promise made to Surety in ¶3 of the Indemnity Agreement, Developers submitted a written demand to Principal and Indemnitors on September 15, 2017, for the deposit of cash collateral in the amount of $10,000.00 by September 26, 2017, to cover this expense reserve.  As of the date of this Complaint, Principal and Indemnitors have failed to respond to this demand for cash collateral.

19.     Furthermore, on September 15, 2017, due to the Loss paid under the Payment Bond and the anticipated expenses to be incurred under the Indemnity Agreement, Developers made demand upon Principal and Indemnitors to make their corporate and individual books, records and accounts evidencing their respective financial conditions available for examination and copying by Developers in accordance with the promise made to Surety in ¶9 of the Indemnity Agreement.  As of the date of this Complaint, Principal and Indemnitor have failed to respond to said demand and allow Developers access to their books, records and accounts in accordance with their obligations to Developers.

20.     All conditions precedent to Developers's right to recover from Principal and Indemnitors under the Indemnity Agreement and/or to specifically enforce the provisions of the Indemnity Agreement against them have occurred or have been performed, excused or waived.

### *Count I – Claims for Indemnity*

21.     Developers realleges Paragraphs 1 through 20 above as if set forth in full herein.

22.     First, Principal and Indemnitors have materially breached the terms of the Indemnity Agreement by failing and refusing upon demand to fully indemnify Developers for its Loss paid to Claimant under the Payment Bond in the amount of $334,545.29.  Principal and Indemnitors are jointly and severally liable to Developers for said damages plus interest at 12% per annum on said damages from the date of payment by Developers until paid per the terms of the Indemnity Agreement, for which Developers now sues.

23.     Second, Developers will incur additional expenses until Principal and Indemnitors have fully indemnified Developers and performed their obligatons to Developers under the Indemnity Agreement.  Principal and Indemnitors are jointly and severally liable to Developers for said future damages under the Indemnity Agreement plus interest at 12% per annum on said future

damages from the date(s) of payment by Developers until paid per the terms of the Indemnity Agreement, for which Developers now sues.

24.     Third, Developers presented a claim for indemnity to Principal and Indemnitors prior to this suit and the just amount owed was not tendered to Developers before the expiration of 30 days.  Developers has been required to hire counsel to institute and prosecute this Complaint. Developers is also entitled to recover its reasonable attorney's fees from Principal and Indemnitors, jointly and severally, to pursue recovery of the amounts owed under the Indemnity Agreement pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq*., for which Developers now sues.

25.     Fourth, Developers also sues Principal and Indemnitors, jointly and severally, for the maximum amount of post-judgment interest available under the Indemnity Agreement and/or Texas law, and costs of court.

### *Count II - Specific Enforcement of Collateral Reserve Provision*

26.     Developers realleges Paragraphs 1 through 25 above as if set forth in full herein.

27.     Principal and Indemnitors have materially breached the Indemnity Agreement by failing and refusing to deposit cash collateral with Developers in the amount of $10,000.00 as demanded in accordance with ¶3 of the Indemnity Agreement to cover the expense reserve posted by Developers.  This Collateral Reserve provision is a crucial, bargained for right for which Developers truly has no adequate remedy at law and will likely suffer irreparable injury should Principal and Indemnitors fail to perform their promise to Developers.  Accordingly, Developers sues Principal and Indemnitors, jointly and severally, for specific performance of their promise to deposit cash collateral with Developers upon demand and seeks and seeks preliminary and permanent injunctions from this Court compelling Principal and Indemnitors to immediately deposit cash with Surety in the amount of $10,000.00 to be used by Developers per the terms of the IA.

28.    Developers is also entitled to an award of its reasonable attorney's fees and costs from Principal and Indemnitors, jointly and severally, to pursue specific performance of this Collateral Reserve provision per the terms of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, for which Developers also now sues.

### Count III - Specific Enforcement of Right to Information Provision

29.    Developers realleges Paragraphs 1 through 28 above as if set forth in full herein.

30.    Principal and Indemnitors have materially breached the Indemnity Agreement by failing and refusing after demand to make their corporate and individual books, records and accounts evidencing their respective financial conditions available for examination and copying by Developers in accordance with their promise made to Developers in ¶9 of the Indemnity Agreement.  This Right to Information provision is a crucial, bargained for right for which Developers truly has no adequate remedy at law and will likely suffer irreparable injury should Principal and Indemnitors fail to perform their promise to Developers. Accordingly, Developers sues Principal and Indemnitors, jointly and severally, for specific performance of their promise in this Right to Information provision in the Indemnity Agreement and seeks preliminary and permanent injunctions from this Court compelling Principal and Indemnitors to make their corporate and individual books, records and accounts evidencing their respective financial conditions available for examination and copying by Developers at reasonable times and places as determined by this Court.

31.    Developers is also entitled to an award of its reasonable attorney's fees and costs from Principal and Indemnitors, jointly and severally, to pursue specific performance of this Right to Information provision per the terms of the Indemnity Agreement and pursuant to Texas Civil Practice & Remedies Code §38.001 *et seq.*, for which Developers also now sues.

WHEREFORE, Plaintiff, Developers Surety and Indemnity Company, respectfully requests that Defendants, Blackhawk Ventures, LLC, MAPCO, Inc., Padron Enterprises, Inc., WPS Group, LLC d/b/a Federal Management Solutions, Ruben Villarreal, Michael A. Padron, and Manuelita Manrique Villarreal, be cited to appear and answer and, upon trial hereof, prays that judgment be entered against Defendants, jointly and severally, awarding Developers: (i) in Count I, the principal amount of at least $334,545.29 in Loss paid as of the date of the Complaint, plus all expenses incurred and paid by Developers as a result of having executed the Bonds in this matter, plus attorney's fees, prejudgment and post-judgment interest, and court costs, (ii) in Count II, specific performance of the Collateral Reserve provision compelling Defendants to deposit with Developers cash collateral in the amount of $10,000.00 and for preliminary and permanent injunctions regarding same, plus reasonable attorney's fees and costs, (iii) in Count III, specific performance of the Right to Information provision compelling Defendants to make their corporate and individual books, records and accounts evidencing their respective financial conditions available for examination and copying by Developers at reasonable times and places as determined by this Court and for preliminary and permanent injunctions regarding same, plus reasonable attorney's fees and costs,, and (iv) such other and further relief to which Developers may be justly entitled at law or in equity.

Respectfully submitted,

*/s/ Robert M. Fitzgerald*
Robert M. Fitzgerald
Lead Counsel
TX State Bar No. 07088900
Law Offices of Robert M. Fitzgerald
1219 FM 314
Van, Texas 75790
(903) 963-7550
(903) 963-7551 (Fax)
Email: rfitzgerald@rmflaw.net
*Attorneys for Plaintiff, Developers Surety and*
*Indemnity Company*